FILED - WESTERN DIVISION
CLERK, U.S. DISTRICT COURT

NOV 1 0 2008

CENTRAL DISTRICT OF CALIFORNIA
BY ___ DEPUTY

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA
## WESTERN DIVISION

| | |
|---|---|
| JIMMIE SMITH,<br><br>    Plaintiff,<br><br>v.<br><br>J. FITTER, et al.,<br><br>    Defendant(s). | No. CV 07-5712-CJC (AGR)<br><br>**ORDER ADOPTING MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION** |

Pursuant to 28 U.S.C. § 636, the Court has reviewed the entire file de novo, including the magistrate judge's Report and Recommendation. The Court agrees with the recommendation of the magistrate judge.

IT IS ORDERED that Defendant Dr. Fitter's motion to dismiss is denied.

DATED: November 3, 2008

CORMAC J. CARNEY
UNITED STATES DISTRICT JUDGE

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JIMMIE SMITH,<br><br>　　　　Plaintiff,<br><br>　　　v.<br><br>J. FITTER, et al.,<br><br>　　　　Defendants. | NO. CV 07-5712-CJC (AGR)<br><br><br>REPORT AND<br>RECOMMENDATION OF UNITED<br>STATES MAGISTRATE JUDGE |

The Court submits this Report and Recommendation to the Honorable Cormac J. Carney, United States District Judge, pursuant to 28 U.S.C. § 636 and General Order No. 05-07 of the United States District Court for the Central District of California. For the reasons set forth below, the Magistrate Judge recommends that Defendant Dr. Fitter's motion to dismiss be denied.

///
///
///
///
///
///

I.

## SUMMARY OF PROCEEDINGS

On September 10, 2007, Plaintiff, who is incarcerated at Lancaster State Prison, filed a complaint pursuant to 42 U.S.C. § 1983. On March 24, 2008, Defendant Dr. Fitter filed a motion to dismiss ("MTD"). On May 7, 2008, Plaintiff filed an Objection to Defendant's Motion to Dismiss Complaint ("Opposition"). On July 7, 2008, Defendant filed a reply.

The matter is now under submission and ready for decision.

II.

## ALLEGATIONS IN COMPLAINT

Plaintiff names two defendants in their individual capacities: J. Fitter and H. Cassim, both doctors. (Complaint at 3.)[1]

Stents and a Port-A-Cath[2] were put into Plaintiff's body. Doctors outside the prison "ordered" removal of the stents and Port-A-Caths repeatedly over a period of "a year or more," but the prison doctors "refuse[d]" to do so. As a result of inaction by the prison doctors, Plaintiff suffered pain, scarring, and "other problems." Plaintiff was denied medication that would have alleviated the pain. The items were left so long in Plaintiff's body that "they had to reopen the area."

III.

## STANDARD OF REVIEW

A.  **Legal Standard**

"To state a claim for relief under section 1983, [a plaintiff] must plead two essential elements: 1) that the Defendants acted under color of state law; and 2)

---

[1] Defendant numbered the pages of the complaint and requests judicial notice of the pagination. (Exh. A to Request for Judicial Notice.) The Court grants Defendant's request for judicial notice of Exhibit A, and denies the request for judicial notice of Exhibit B.

[2] The name of the device is spelled different ways in the record. Dr. Wells, a doctor at the Kern Radiology Medical Group, calls it a "Port-A-Cath," which is the spelling the Court will use. (Complaint at 95.)

that the Defendants caused [the plaintiff] to be deprived of a right secured by the Constitution and laws of the United States." *Johnson v. Knowles*, 113 F.3d 1114, 1117 (9th Cir.) (citation omitted), *cert. denied*, 522 U.S. 996 (1997).

A court may dismiss a claim upon a motion of the defendants or on its own pursuant to FRCP Rule 12(b)(6) for "failure to state a claim upon which relief can be granted." *Wong v. Bell*, 642 F.2d 359, 361-62 (9th Cir. 1981). "Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1965, 167 L. Ed. 2d 929 (2007). A complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Id.* at 1974; *Alvarez v. Hill*, 518 F.3d 1152, 1157 (9th Cir. 2008).

In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint and construe the pleading in the light most favorable to the plaintiff. *Jenkins v. McKeithen*, 395 U.S. 411, 421, 89 S. Ct. 1843, 23 L. Ed. 2d 404 (1969). However, the "court is not required to accept legal conclusions cast in the form of factual allegations if those conclusions cannot reasonably be drawn from the facts alleged." *Clegg v. Cult Awareness Network*, 18 F.3d 752, 754-55 (9th Cir. 1994) (citations omitted).

In a *pro se* civil rights case, the complaint must be construed liberally to afford the plaintiff the benefit of any doubt. *Karim-Panahi v. Los Angeles Police Dept.*, 839 F.2d 621, 623 (9th Cir. 1988). Before dismissing a *pro se* civil rights complaint for failure to state a claim, the plaintiff should be given a statement of the complaint's deficiencies and an opportunity to cure them unless it is absolutely clear the deficiencies cannot be cured by amendment. *Id.* at 623-24; *see also Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

**B.     Materials Considered Under Fed. R. Civ. P. 12(b)(6)**

Defendant's motion to dismiss under Fed. R. Civ. P. 12(b)(6) relies upon the complaint and two categories of documents attached to the complaint: (1) medical records; and (2) grievance documents.

A motion to dismiss under Fed. R. Civ. P. 12(b)(6) must be treated as a motion for summary judgment "if either party to the motion to dismiss submits materials outside the pleadings in support or opposition to the motion, and if the district court relies on those materials." *Anderson v. Angelone*, 86 F.3d 932, 934 (9th Cir. 1996) (citations omitted); *see* Fed. R. Civ. P. 12(d). A *pro se* litigant is entitled to explicit notice that the motion to dismiss is being treated as a motion for summary judgment. *Lucas v. Department of Corrections*, 66 F.3d 245, 248 (9th Cir. 1995). In addition, a *pro se* litigant who is a prisoner must be advised of Fed. R. Civ. P. 56 requirements. *Anderson*, 86 F.3d at 935. The opportunity to submit objections to a report and recommendation is not sufficient. *Id.*

This Court declines to treat Defendant's motion to dismiss under Fed. R. Civ. P. 12(b)(6) as a motion for summary judgment. None of the required notices was given to Plaintiff by the court or the moving party. *See Rand v. Rowland*, 154 F.3d 952, 960 (9th Cir. 1997) ("either the court or the moving party may provide the requisite notice" of Fed. R. Civ. P. 56 requirements), *cert. denied*, 527 U.S. 1035 (1999).

For the reasons set forth below, the Court considers the medical records that Plaintiff attached to his complaint on Rule 12(b)(6). However, the Court will not consider grievance documents for purposes of Rule 12(b)(6).

**Medical Records**

A court may consider documents attached to the complaint without converting a motion to dismiss into a motion for summary judgment. *United States v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003); *Hal Roach Studios, Inc. v. Richard Feiner & Co.*, 896 F.2d 1542, 1555 n.19 (9th Cir. 1989); *Durning v. First Boston Corp.*, 815 F.2d 1265, 1267 (9th Cir.), *cert. denied*, 484 U.S. 944 (1987).

The complaint states that Plaintiff will prove certain allegations with his medical records. (Complaint at 5.) Plaintiff attached his medical records as

Exhibit B to the complaint. (Complaint at 14-104.) The Court considers Exhibit B to the Complaint under Rule 12(b)(6).

### Grievance Documents

The Court excludes the grievance documents from consideration of Defendants' motion to dismiss under Fed. R. Civ. P. 12(b)(6). The grievance documents relate to exhaustion of remedies. The form complaint used by Plaintiff requests that a prisoner "attach copies of papers related to the grievance procedure" for purposes of exhaustion of administrative remedies. (Complaint at 2.) "[F]ailure to exhaust is an affirmative defense under the PLRA." *Jones v. Bock*, 549 U.S. 199, 127 S. Ct. 910, 921, 166 L. Ed. 2d 798 (2007). An inmate is not required to plead or demonstrate exhaustion in a complaint. *Id.* As noted below, a court may consider matters outside the complaint in adjudicating an unenumerated Rule 12(b) motion based on the affirmative defense of failure to exhaust remedies. However, particularly in light of Plaintiff's status as a prisoner proceeding *pro se,* consideration of the same documents is inappropriate for purposes of Rule 12(b)(6).

### IV.
### DEFENDANT'S MOTION TO DISMISS UNDER RULE 12(b)(6)

To state a claim under the Eighth Amendment for inadequate medical care, a plaintiff must allege acts or omissions sufficiently harmful to constitute deliberate indifference to his serious medical needs. *See Helling v. McKinney*, 509 U.S. 25, 32, 113 S. Ct. 2475, 125 L. Ed. 2d 22 (1993); *Estelle v. Gamble*, 429 U.S. 97, 106, 97 S. Ct. 285, 50 L. Ed 2d 251 (1976). The test for deliberate indifference consists of two parts. First, a plaintiff must show a "serious medical need" by alleging that failure to treat a prisoner's condition could result in further significant injury or the unnecessary and wanton infliction of pain. *Jett v. Penner*, 439 F.3d 1091, 1096 (9th Cir. 2006). Indications of such a need include "[t]he existence of an injury that a reasonable doctor would find important and worthy of

comment or treatment; the presence of a medical condition that significantly affects an individual's daily activities; or the existence of chronic and substantial pain." *McGuckin v. Smith*, 974 F.2d 1050, 1059-60 (9th Cir. 1992), *overruled on other grounds by WMX Technologies, Inc. v. Miller*, 104 F.3d 1133 (9th Cir. 1997).

Second, a plaintiff must show that a defendant's response to the need was deliberately indifferent. *Id.* This second prong of the test is satisfied when a plaintiff alleges, as to each defendant, (a) a purposeful act or failure to respond to a prisoner's pain or possible medical need and (b) harm caused by the indifference. *Id.* Deliberate indifference to serious medical needs may be manifested in two ways. "It may appear when prison officials deny, delay or intentionally interfere with medical treatment, or it may be shown by the way in which prison officials provide medical care." *Hutchinson v. United States*, 838 F.2d 390, 394 (9th Cir. 1988).

The defendant, however, must purposefully ignore or fail to respond to a plaintiff's pain or serious medical needs. A plaintiff must allege that a defendant had a sufficiently culpable state of mind when he or she refused medical care. *Clement v. Gomez*, 298 F.3d 898, 904 (9th Cir. 2002). A defendant must be aware of the facts from which the inference could be drawn that a substantial risk of serious harm exists, and he or she must also draw the inference. *Farmer v. Brennan*, 511 U.S. 825, 837, 114 S. Ct. 1970, 128 L. Ed. 2d 811 (1994). Thus, an inadvertent failure to provide adequate medical care, mere negligence or medical malpractice, a mere delay in medical care (without more), or a difference of opinion over proper medical treatment, are all insufficient to constitute an Eighth Amendment violation. *See Estelle*, 429 U.S. at 105-07; *Jackson v. McIntosh*, 90 F.3d 330, 332 (9th Cir.), *cert. denied*, 519 U.S. 1029 (1996). "[S]tate prison authorities have wide discretion regarding the nature and extent of medical treatment." *Jones v. Johnson*, 781 F.2d 769, 771 (9th Cir. 1986).

Dr. Fitter argues that Plaintiff failed to allege that his response to Plaintiff's serious medical needs was deliberately indifferent. First, Dr. Fitter contends that there is no allegation that he denied, delayed or interfered with the removal of the stents or Port-A-Cath. Preliminarily, the Court notes that Plaintiff also alleges Dr. Fitter failed to give Plaintiff the correct pain medication despite the fact he was undergoing chemotherapy. (Complaint at 3, 16, 24-26; Opposition at 4-5.) Dr. Fitter's motion to dismiss does not address this allegation and must be denied on this basis.

With respect to the stents, the complaint appears to allege a seventh-month delay between the first recommendation for removal and the actual removal of the stents. (Complaint at 21, 25, 30, 31; Opposition at 3.) With respect to the Port-A-Cath, the complaint appears to allege an eight-month delay between the first recommendation for removal and the actual removal of the Port-A-Cath. (Complaint at 37-51; Opposition at 4.) Plaintiff alleges injury from the delay in treatment and denial of effective pain medication. (Complaint at 5.)

Dr. Fitter argues that he exercised medical judgment to the extent there was any delay in removal of the stents or Port-A-Cath attributable to him. In *Estelle v. Gamble*, the Supreme Court held that "[m]edical malpractice does not become a constitutional violation merely because the victim is a prisoner. In order to state a cognizable claim, a prisoner must allege acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs. It is only such indifference that can offend 'evolving standards of decency' in violation of the Eighth Amendment." 429 U.S. at 106. Applying this standard, the Court found that a prisoner's complaint that doctors failed to diagnose and adequately treat his back injury failed to state a claim under Rule 12(b)(6). "A medical decision not to order an X-ray, or like measures, does not represent cruel and unusual punishment. At most it is medical malpractice, and as such the proper forum is the state court . . . ." *Id.* at 107 (footnote omitted).

However, read liberally, the complaint alleges that Dr. Fitter denied or delayed removal of the stents and Port-A-Cath for months, and denied or delayed effective pain medication despite the repeated recommendations of outside doctors. See Jett, 439 F.3d at 1097. While it may be that the evidence will show that Dr. Fitter exercised medical judgment, such an inquiry requires interpretation of medical records and is inappropriate on a motion to dismiss. "'The issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims. Indeed it may appear on the face of the pleadings that a recovery is remote and unlikely but that is not the test.'" Hearns v. Terhune, 413 F.3d 1036, 1043 (9th Cir. 2005) (citation omitted).

Dr. Fitter does not dispute that Plaintiff has sufficiently alleged harm.[3] Instead, Dr. Fitter argues that any harm caused by delay in removing the stents or Port-A-Cath was an "isolated exception." (MTD at 10 (citing to McGuckin, 974 F.2d at 1060).) In the context of summary judgment, McGuckin held that "it is up to the factfinder to determine whether or not the defendant was 'deliberately indifferent' to the prisoner's medical needs. A finding that the defendant's neglect of a prisoner's condition was an 'isolated occurrence,' or an 'isolated exception,' to the defendant's overall treatment of the prisoner ordinarily militates against a finding of deliberate indifference. On the other hand, a finding that the defendant repeatedly failed to treat an inmate properly or that a single failure was egregious strongly suggests that the defendant's actions were motivated by 'deliberate indifference' to the prisoner's medical needs." Id. at 1060-61 (citations omitted); see Jett, 439 F.3d at 1096 (whereas substantial harm provides support for a claim of deliberate indifference, harm that is an "isolated exception" ordinarily militates against a finding of deliberate indifference).

---

[3] Defendants originally argued that Plaintiff failed to allege harm from any denial, delay or interference with treatment. However, Defendants withdrew that argument. (Reply at 1.) See Erickson v. Pardus, 127 S. Ct. 2197, 2200, 167 L. Ed. 2d 1081 (2007).

1 | Again, read liberally, the complaint does not allege an isolated exception,
2 | but rather repeated failures to treat Plaintiff's serious medical needs. Plaintiff's
3 | allegations are sufficient at this stage of the proceedings. The Court expresses
4 | no opinion as to the ultimate merits of the claims or defenses.

## V.

## EXHAUSTION OF REMEDIES

Pursuant to the Prison Litigation Reform Act of 1995, "[n]o action shall be brought with respect to prison conditions . . . by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a).

"[F]ailure to exhaust is an affirmative defense under the PLRA." *Bock*, 127 S. Ct. at 921. An inmate is not required to plead or demonstrate exhaustion in a complaint. *Id.* However, "'a complaint may be subject to dismissal under 12(b)(6) when an affirmative defense . . . appears on its face.'" *Id.* (citation omitted).

Prior to the Supreme Court's decision in *Jones*, the Ninth Circuit held that the defense of failure to exhaust remedies could be raised by an unenumerated Rule 12(b) motion rather than a motion for summary judgment. *Wyatt v. Terhune*, 315 F.3d 1108, 1119 (9th Cir.), *cert. denied*, 540 U.S. 810 (2003). In ruling on a dismissal motion based on a prisoner's failure to exhaust remedies, "a 'court may look beyond the pleadings and decide disputed issues of fact.'" *O'Guinn v. Lovelock Correctional Center*, 502 F.3d 1056, 1059 (9th Cir. 2007) (quoting *Wyatt*, 315 F.3d at 1120). If the court concludes that administrative remedies have not been exhausted, the unexhausted claim should be dismissed without prejudice. *Id.*

Defendants filed an unenumerated Rule 12(b) motion based on failure to exhaust remedies. The Court provided Plaintiff notice as to the requirements of opposing such a motion. (Docket No. 20.)

To exhaust remedies, a prisoner must comply with the prison's procedural

9

rules "'so that the agency addresses the issues on the merits.'" *Woodford v. Ngo*, 548 U.S. 81, 90, 126 S. Ct. 2378, 165 L. Ed. 2d 368 (2006) (citation omitted). "Proper exhaustion demands compliance with an agency's deadlines and other critical procedural rules because no adjudicative system can function effectively without imposing some orderly structure on the course of its proceedings." *Id.* at 90-91 (footnote omitted).

A prisoner in California satisfies the exhaustion requirement by following the procedures in 15 Cal. Code Regs. §§ 3084.1-3084.7. These regulations require the prisoner to proceed through several levels of appeal: (1) informal resolution; (2) formal appeal; (3) second level appeal; and (4) third level appeal. *Id.* §§ 3084.1(a), 3084.2(b), 3084.3(c)(4), 3084.5. The decision at the third level appeal constitutes the director's decision and concludes exhaustion of administrative remedies. *Id.* §§ 3084.1(a), 3084.5(e)(2). A prisoner's untimely appeal may be rejected when "[t]ime limits for submitting the appeal are exceeded and the appellant had the opportunity to file within the prescribed time constraints." *Id.* §§ 3084.3(c)(6), 3084.6(c).

Defendant argues that Plaintiff failed to grieve his allegation that he was not given pain medication. (MTD at 12 (citing to Complaint at 61).) Defendant also argues that Plaintiff's grievance about the removal of the stent was untimely. (*Id.* at 12 (citing to Complaint at 11.)

In evaluating an affirmative defense of failure to exhaust remedies, the grievance documents are important to the analysis. *See Brown v. Valoff*, 422 F.3d 926, 937 (9th Cir. 2005). The Court's analysis is hampered by the fact that the grievance documents are scattered throughout the record and not easily identifiable. The Court has located the following items: (1) the front page of Plaintiff's 602 (Complaint at 11); (2) the back page of Plaintiff's 602 without the "attached letter" mentioned in the Second Level Response (Exh. B to Opposition); (3) a document labeled First Level Response (Complaint at 48); (4) a document

that appears to be the "attached letter" mentioned in the Second Level Response on the back page of Plaintiff's 602 (Complaint at 55); and (5) the Director's Level Response (Complaint at 10).

Plaintiff's grievance was granted at the First and Second Levels. (Exh. B to Opposition.) The Second Level Response noted that the requested medical care had been provided and advised Plaintiff that "the only issue that remained is why it took medical so long to take care of your issues" – the issue that forms the basis of Plaintiff's claim in this lawsuit. (Complaint at 55.) On that point, the Second Level Response stated that "your appeal is Partially Granted in that your medical issues have been resolved . . . . All other actions requested in your appeal are beyond the scope of the appeal system." (*Id.*)

The Director's Level Response referred to Plaintiff's complaint that his leg is "extremely swollen and is interfering with his daily activities" and Plaintiff's request that "the stents and port-o-catheter be removed." (Complaint at 10.) Noting that Plaintiff "received medical care in accordance with Department regulations," the appeal was denied. (*Id.*)

To the extent Dr. Fitter now argues that Plaintiff's grievance was untimely, the prison did not reject the grievance on that basis and permitted Plaintiff to exhaust his remedies. See 15 Cal. Code Regs. § 3084.3(c)(6) (appeal may be rejected when time limits are exceeded and appellant had opportunity to file on a timely basis); see *Handberry v. Thompson*, 446 F.3d 335, 342 (2nd Cir. 2006) (exhaustion requirement is waiveable).

Moreover, a defendant bears the burden of demonstrating that "*some* relief remains 'available'" at unexhausted levels of the grievance process or through awaiting the results of relief already granted. *Brown*, 422 F.3d at 936-37. Defendant has made no showing that pertinent relief was available in the grievance process for Plaintiff's complaint as to "why it took medical so long to take care of [his] issues." (Complaint at 55.) The Second Level Response

indicates that Plaintiff's request for relief is "beyond the scope of the appeal system." (*Id.*)

Finally, Defendant argues that the scope of Plaintiff's grievance did not include stent removal or pain medication. "The level of detail necessary in a grievance to comply with the grievance procedures will vary from system to system and claim to claim, but it is the prison's requirements, and not the PLRA, that define the boundaries of proper exhaustion." See *Bock*, 127 S. Ct. at 923. Defendant does not provide information about California's requirements, if any, as to the level of detail required in a grievance. *Cf. id.* at 922 (describing prison regulations). In any event, the issue of stent removal is expressly mentioned in the Director's Level Response as being part of Plaintiff's grievance. (Complaint at 10.) The word "pain" and "medication" is not expressly mentioned in the grievance, although it is mentioned in Plaintiff's letter to the warden dated May 30, 2004. (Complaint at 12-13 (stating Plaintiff had not received relief from swelling and pain)). Again, however, Defendant cites no authority requiring that each symptom be expressly stated in the grievance form. See *O'Guinn v. Lovelock Correctional Center*, 502 F.3d 1056, 1062 (9th Cir. 2007) (liberally construing grievances). Liberally construed, pain is a reasonable inference from a grievance about a leg, which is "extremely swollen" from a blood clot and "is interfering with your daily activities." (Complaint at 55.) Moreover, the record contains a First Level Response dated March 30, 2005, for a separate grievance concerning Plaintiff's complaint that he is being denied medication. (Complaint at 24.) The First Level Response granted Plaintiff's grievance, and medication was prescribed. (*Id.*) The record does not contain the Plaintiff's 602 form associated with the First Level Response, or any other document associated with this second grievance. Moreover, Defendant makes no showing that some relief remained available at any unexhausted levels, if there were any, in connection with this second grievance. *Brown*, 422 F.3d at 936-37.

Based on this incomplete and scattered record, Defendant has not met his burden to prove failure to exhaust administrative remedies.

## VI.

## RECOMMENDATION

For the reasons discussed above, it is recommended that the District Court issue an Order (1) adopting this Report and Recommendation and (2) denying Defendant Dr. Fitter's motion to dismiss.

DATED: September 19, 2008

*Alicia G. Rosenberg*
ALICIA G. ROSENBERG
United States Magistrate Judge

## NOTICE

Reports and Recommendations are not appealable to the Court of Appeals, but are subject to the right of any party to file Objections as provided in the Local Rules Governing Duties of Magistrate Judges, and review by the District Judge whose initials appear in the docket number. No Notice of Appeal pursuant to the Federal Rules of Appellate Procedure should be filed until entry of the Judgment of the District Court.